IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40912
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANGEL ELIZONDO-ESTRADA, also known as Angel Anaya-Franco,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-187-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

In this appeal following his guilty-plea conviction for illegally reentering the United States after having been deported, Angel Elizondo-Estrada (Elizondo) contends that a prior aggravated-felony conviction is an element of the offense of illegal reentry. He argues that because this element was not included in his indictment, his sentence should be vacated and he should be resentenced to a prison term of no more than two years. Elizondo acknowledges that in Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that a prior felony

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction under 8 U.S.C. § 1326(b)(2) was merely a sentencing factor and thus need not be alleged in the indictment.  He notes that in its subsequent decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 2362 (2000), the Supreme Court stated that it was arguable that <u>Almendarez-Torres</u> was decided incorrectly.  However, Elizondo concedes that <u>Almendarez-Torres</u> forecloses the issue, so that he now raises it only in order to preserve his right to further review of the issue.

In light of the clear precedent of <u>Almendarez-Torres</u>, Elizondo has failed to show that he is entitled to the relief he seeks.  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  The judgment of the district court is therefore AFFIRMED.

AFFIRMED.